IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01099-BNB

ERIK ANSTEENSEN,

      Applicant,

v.

WARDEN DAVIS, Buena Vista Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Erik Ansteensen, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the correctional

facility in Buena Vista, Colorado.  Mr. Ansteensen initiated this action by filing *pro se* on

April 25, 2011, an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

(ECF No. 1) challenging the validity of his Colorado conviction in Boulder County District

Court Case No. 03CR2174.  ECF No. 1 is an example of the convention the Court will

use to identify the docket number assigned to a specific paper by the Court's electronic

case filing and management system (CM/ECF).  The Court will use this convention

throughout this order.  Mr. Ansteensen has paid the $5.00 filing fee in a habeas corpus

action.

On May 3, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file

a pre-answer response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. §

2254(b)(1)(A). *See* ECF No. 6. On June 9, 2011, after being granted an extension of time, Respondents submitted their pre-answer response. *See* ECF No. 12. On July 14, 2011, Mr. Ansteensen filed a reply to the pre-answer response. *See* ECF No. 16. On October 25, 2011, Magistrate Judge Boland entered a minute order directing Respondents to refile the June 9 pre-answer response and exhibits as an amended pre-answer response organized in a logical manner allowing the Court to view and understand the exhibits on CM/ECF. *See* ECF No. 22. On October 27, 2011, Respondents filed the amended pre-answer response. *See* ECF No. 23.

The Court must construe Mr. Ansteensen's filings liberally because he is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, Mr. Ansteensen will be directed to show cause why the instant application should not be denied as a mixed petition.

On July 15, 2004, Mr. Ansteensen pleaded guilty in a joint disposition of two Boulder County District Court cases (Nos. 03CR2174 and 04CR60) totaling nine charges related to his sexual assaults on his 11-year-old daughter and three of her friends. *See* ECF No. 23 (amended pre-answer response), ex. A (state court register of actions) at 7. On October 14, 2004, Mr. Ansteensen was sentenced to two consecutive terms of ten years to life in the DOC, plus twenty years to life on parole. *Id.* at 6. On November 29, 2004, Mr. Ansteensen appealed directly from his sentence. *See* ECF No. 23, ex. A at 6, ex. B (appellant's opening brief).

On January 18, 2006, Mr. Ansteensen filed a motion to dismiss the appeal.  *See* ECF No. 23, ex. D.  On February 3, 2006, the Colorado Court of Appeals granted the motion, and dismissed the appeal.  *See* ECF No. 23, ex. E.

On May 8, 2006, counsel for Mr. Ansteensen filed a postconviction motion pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure.  *See* ECF No. 23, ex. A at 5.  On July 17, 2006, the state trial court denied the Colo. R. Crim. P. 35(b) motion.  *See id.*

On June 14, 2007, Mr. Ansteensen filed a Colo. R. Crim. P. 35(c) postconviction motion.  *See id.*  On August 29, 2007, the state trial court denied the Colo. R. Crim. P. 35(c) motion.  *See id.*  Mr. Ansteensen appealed.  *See id.*  On April 2, 2009, the Colorado Court of Appeals affirmed in part the state court's denial in all respects, but concluded that Mr. Ansteensen was entitled to a hearing, and remanded for further proceedings on the sole issue of whether counsel was ineffective by misrepresenting the law in telling Mr. Ansteensen that a plea of not guilty by reason of insanity (NGRI) based on his traumatic brain injury was "not allowed by law."  *See* ECF No. 23, ex. K (*People v. Ansteensen*, No. 07CA1852 (Colo. Ct. App. Apr. 2, 2009)) at 3.

On May 20, 2011, after numerous status reports, the state trial court held a status conference regarding when the hearing on remand would be held, and continued the status conference to June 24, 2011.  *See* ECF No. 23, ex. A at 2.

In the meantime, on April 25, 2011, Mr. Ansteensen filed the instant application. Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

>>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Ansteensen's criminal case became final. The sentence in Mr. Ansteensen's criminal case was entered on October 14, 2004.  On November 29, 2004, Mr. Ansteensen filed a direct appeal; he moved to dismiss the appeal on January 18, 2006; and the state appeals court dismissed the appeal on

4

February 3, 2006, in response to his request.  Respondents argue that because Mr.

Ansteensen had no state appellate court judgment from which to appeal, his conviction

became final on February 3, 2006.  I disagree.

Mr. Ansteensen's direct appeal ended on February 3, 2006, when the Colorado

Court of Appeals dismissed that appeal at Mr. Ansteensen's request.  However, for

federal statute of limitations purposes, the judgment of conviction "became final by the

conclusion of direct review or the expiration of the time for seeking such review," §

2244(d)(1)(A), i.e., upon the expiration of the ninety-day deadline for seeking certiorari

review in the United States Supreme Court.  *See Locke v. Saffle*, 237 F.3d 1269, 1273

(10th Cir. 2001); *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); *see also*

*Anderson v. Director of Minn. Prisons*, No. 08-cv-876-JMR-AJB, 2008 WL 1902030

(D. Minn. Apr. 25, 2008) (not published), citing *Pierson v. Dormire*, 484 F.3d 486, 495

(8th Cir. 2007) (when a state prisoner does not seek discretionary review in the state's

highest court, the judgment of conviction "becomes final within the meaning of 28

U.S.C. § 2244(d)(1)(A) exactly ninety days after his conviction" by the intermediate level

appellate court).  Therefore, the one-year statute of limitations began to run on May 4,

2006.

The Court next must determine whether any of Mr. Ansteensen's state court

post-conviction motions tolled the one-year limitations period.  Pursuant to § 2244(d)(2),

a properly filed state court post-conviction motion tolls the one-year limitation period

while the motion is pending.  The issue of whether a post-conviction motion is pending

is a matter of federal law.  *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The

term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Here, the limitations period ran for 4 days before Mr. Ansteensen filed his first motion for postconviction relief on May 8, 2006. Mr. Ansteensen then had 45 days from July 17, 2006, when the trial court denied the postconviction motion Colo. R. Crim. P. 35(b), until August 31, 2006, to seek an appeal under state law. *See Gibson*, 232 F.3d at 804, *see also* Colo. R. App. P. 4(b). He failed to do so. As such, the limitations period began to run on September 1, 2006, and ran for 286 days until Mr. Ansteensen filed his motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(c) on June 14, 2007, which remains pending in state court. Therefore, because only 290 days have run for the one-year limitations period, the Court rejects Respondents' time-bar argument.

Mr. Ansteensen asserts four claims:

> 1. He was deprived of the affirmative defense of NGRI in violation of due process and the Sixth Amendment.

> 2. The prosecutor violated his due process right to disclosure of evidence pursuant to *Brady [v. Maryland*, 373 U.S. 87 (1963)], which consisted of the "[t]raumatic [b]rain [i]njury" evidence relevant to the potential NGRI plea. *See* ECF No. 1 at 12.

        3.     His guilty plea was involuntary in violation of due process because it was induced by counsel's misrepresentations regarding (a) the affirmative defense of NGRI, and (b) the sentencing consequences of his guilty plea.

        4.  His guilty plea was involuntary in violation of due process because he was incompetent to proceed.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*,

513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing

a federal habeas corpus action bears the burden of showing that he has exhausted all

available state remedies.  ***See Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992).

Having reviewed the record in this case, it appears that some of Mr.

Ansteensen's claims may be procedurally defaulted.  It also appears that at least one of

his claims--alleging ineffective counsel based on a possible NGRI plea--is pending and

remains unexhausted in state court.  So long as Mr. Ansteensen continues to pursue

state remedies, relief from the state courts remains a possibility.  Mr. Ansteensen,

therefore, cannot seek habeas corpus relief in this Court before he exhausts the

avenues he already is pursuing in the state courts.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith and therefore ***in forma pauperis*** status

will be denied for the purpose of appeal.  ***See Coppedge v. United States***, 369 U.S.

438 (1962).  If Mr. Ansteensen files a notice of appeal he must also pay the full $455

appellate filing fee or file a motion to proceed ***in forma pauperis*** in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is

dismissed without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __9th__ day of ___December_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court